IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD  21201 <br><br> Plaintiff, <br><br> v. <br><br> MARS SUPER MARKETS, INC., <br> 7848 Wise Avenue <br> Dundalk, MD 21222 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. <br><br> <u>COMPLAINT</u> <br><br> JURY TRIAL DEMAND |

<u>NATURE OF ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Gail Brown and a class of aggrieved female job applicants who were adversely affected by such practices.  As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least December 2006, Defendant Mars Super Markets ("Defendant Mars") refused to hire Gail Brown as an apprentice meat cutter because of her sex (female).  The Commission further alleges that since at least January 1, 2006, Defendant Mars has engaged in an ongoing pattern or practice of sex discrimination against female meat cutter job applicants at its Maryland facilities, in violation of Title VII.  In addition, the Commission alleges record keeping violations committed by Defendant.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981 A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) and 707 of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant Mars has continuously been doing business in the State of Maryland and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Mars has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Gail Brown filed an EEOC charge against Defendant Mars alleging violations of Title VII of the Civil Rights Act of 1964, as amended.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant Mars has engaged in unlawful employment practices at its Maryland

facilities, in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) and (a)(2).   The practices include:

    a.    since at least December 2006, refusing to hire Gail Brown as an apprentice meat cutter because of her sex (female); and

    b.    since at least January 1, 2006, subjecting a class of aggrieved female applicants for the meat cutter position to an ongoing pattern or practice of discriminatory failure to hire such persons at Defendant Mars' Maryland facilities because of their sex (female).

8.    The effect of the practices complained of in paragraph 7 has been to deprive Gail Brown and a class of female job applicants of equal employment opportunities and otherwise affect their status as applicants because of their sex (female).

9.    The unlawful employment practices complained of in paragraph 7 are part of a continuing course of sex discrimination perpetrated against female job applicants by Defendant Mars that has persisted since at least January 1, 2006.

10.    The unlawful employment practices complained of in paragraph 7 were and are intentional.

11.    The unlawful employment practices complained of in paragraph 7 were and are done with malice or with reckless indifference to the federally protected rights of Gail Brown and a class of female job applicants.

12.    In addition, since at least December 2006, Defendant has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and has failed to preserve relevant

records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14, including but not limited to applications for employment and transfer requests.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Mars, its officers, successors, assigns and all persons in active concert or participation with it from denying employment to female applicants because of their sex;

B. Order Defendant Mars to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Mars to make whole Gail Brown and a class of aggrieved female applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful place employment;

D. Order Defendant Mars to make whole Gail Brown and a class of aggrieved female applicants (and deterred applicants) by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation;

E. Order Defendant Mars to pay Gail Brown and a class of aggrieved female applicants (and deterred applicants) punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial;

  F. Grant a permanent injunction ordering Defendant Mars to preserve personnel and employment records in compliance with the requirements of Title VII and the Commission's Regulations and order such other relief in connection with the proceedings and trial of this action that is appropriate in light of Defendant's failure to preserve personnel and employment records as required by law, including but not limited to precluding Defendant from asserting any affirmative defenses to liability alleged in the Complaint and to charge the jury with adverse inference instructions regarding records no longer available due to Defendant's failure to comply with Title VII and 29 C.F.R. § 1602.14 or other improper disposition of evidence.

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
JACQUELINE MCNAIR
Regional Attorney

_____/s/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____/s/_____
MARIA SALACUSE
Senior Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2733
Fax: (410) 962-4270