UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>MARS SUPER MARKETS, INC.,  )<br>)<br>Defendant.  )<br>)<br>_____ ) | Civil Action No. JFM-08-2570 |

<u>CONSENT DECREE</u>

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Mars Super Markets, Inc. ("Defendant"), alleging that Defendant violated Sections 703(a)(1) and (a)(2) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a)(1) and (a)(2), by subjecting Gail Brown and a class of aggrieved female meat cutter applicants to an ongoing pattern or practice of discriminatory failure to hire such persons at Defendant's stores because of their sex (female). The Commission also alleged that Defendant failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14. Defendant has denied any discrimination or other unlawful activity. Plaintiff-Intervenor Gail Brown ("Plaintiff-Intervenor"), thereafter intervened in this lawsuit.

1

The Commission, Plaintiff-Intervenor, and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

Scope of Decree

1. This Decree resolves all issues and claims in the Complaints filed by the Commission and Plaintiff-Intervenor in this Title VII action which emanated from the Charge of Discrimination filed by Gail Brown. This Decree, however, in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

Monetary Relief

4. Defendant shall pay $275,000 to resolve this action. The total shall be distributed as follows:

a. Within ten business days of entry of this Decree, Defendant shall pay Plaintiff Intervenor Gail Brown monetary relief in the total amount of $100,000, representing $23,323 in back pay, minus applicable withholdings, and $76,677 in compensatory damages. The check will be sent directly to Ms. Brown, and a photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201. Defendant will issue to Ms. Brown a United States Internal Revenue Services W-2 and Form 1099 for the 2009 tax year for the back pay and compensatory damages amounts paid to her.

b. Within ten business days of entry of this Decree, Defendant shall pay Plaintiff Intervenor's counsel of record, Darcy Massof, $18,000 representing attorney's fees. The check will be sent directly to Darcy Massof, 409 Washington Avenue, Suite 707, Towson, MD 21204, and a photocopy of the check will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201

c. Defendant shall pay a total of $157,000 to be distributed at EEOC's sole discretion to Identified Claimants Tina Ford, Catherine White, Maryanne Umberger, Glenda Gribble, and Annamarie Smith (hereinafter "Identified Claimants"). All of the monetary relief paid to the Identified Claimants pursuant to this Decree is acknowledged to be back pay under Title VII. The checks will be sent directly to each Identified Claimant, and photocopies of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201. Defendant will also issue the Identified

3

Claimants a United States Internal Revenue Services W-2 for the 2009 tax year for the back pay paid. Defendant shall make these payments with ten business days of the last of: (1) entry of this Decree; (2) the EEOC providing Defendant with a breakdown of the payments to the Identified Claimants; and (3) the Identified Claimants providing Defendant with a completed United States Internal Revenue Service W-4.

<u>Offers of Employment to Identified Claimants Ford, Umberger and Smith</u>

5. Within ten business days of the entry of this Decree, Defendant will extend written offers of employment as journeyman or apprentice, as appropriate, meat cutters to Identified Claimants Tina Ford (apprentice), Maryanne Umberger (apprentice), and Annamarie Smith (journeyman). The written offer shall set forth the hourly wage (which will be based upon experience and Defendant's payscale), applicable benefits, and other terms and conditions of employment, including but not limited to the stores in which they may be assigned and the potential schedule to be worked. The written offers will be mailed directly to Identified Claimants Ford, Umberger, and Smith; however, Defendant shall also send copies of the written offers and related correspondence to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201. Nothing, however, shall preclude Defendant from offering Ford, Umberger and/or Smith positions prior to the entry of this Decree and doing so shall satisfy Defendant's obligations under the Decree.

6. Ford, Umberger and Smith will have one (1) week from receipt of the written offer to accept the job offer. In the event that Ford, Umberger, or Smith accept the written offer of employment, Defendant shall consult with each and make a good faith effort to place each initially in the geographic area of her choice. Ford, Umberger and Smith will each be required to complete successfully Defendant's regular hiring process, including but not limited to passing a

background check and pre-employment drug test. In addition, to be employed as a journeyman, Smith must pass Defendant's block test. If Smith does not pass Defendant's block test, Smith will be offered an apprentice position only. In the event that a vacancy does not exist in the geographic area of their choice at the time of the written offer, Ford, Umberger and Smith shall be hired into the next available meat cutter position which becomes available in the geographic area of their choice within six months of entry of this Decree. If no vacancy occurs within six months of entry of this Decree in the initial geographic area of their choice, the offer(s) to Ford, Umberger and/or Smith shall become null and void and Defendant will have no further obligation to make offers of employment, but must treat them nondiscriminatorily regarding any future applications for employment. If hired, Ford, Umberger and Smith will be treated the same as all other meat cutters with respect to the geographic area and thus will not be guaranteed any specific area or store for any period of time.

7. If Ford, Umberger or Smith decline the meat cutter job offers, Defendant will have no further obligation to make offers of employment, but must treat them nondiscriminatorily regarding any future applications for employment.

Eligible Claimants

8. "Eligible Claimants" are defined as those females determined to be qualified for either journeyman or apprentice meat cutter positions whom the Commission determines applied for and/or expressed an interest in transferring into the position of meat cutter during the period of January 1, 2006 through December 31, 2008 at any of Defendant's stores.

9. Within five business days of the entry of this Decree and through September 30, 2009, Defendant shall prepare and post the notice attached as Exhibit A ("Notice to Mars Meat Cutter Applicants and Employees Who Sought Transfers to Meat Cutter") in all of its stores.

5

    a.    The Notice posted shall be produced on 8" by 11" glossy stock paper with EEOC's seal in color;

    b.    The Notice shall be displayed in three places at each store:

        (1)    near the entrance to all meat departments;

        (2)    at each store's customer service booth;

        (3)    in all employee areas where labor and employment notices are posted;

    c.    Defendant's Human Resources Vice President will maintain a monthly sheet verifying that the posters continue to be displayed in the proper locations. This Monthly Verification Sheet will be signed by the Human Resources Vice President and sent to the Commission the last Friday of each month during the Notification Period;

    d.    Any questions regarding the posted Notice by potential claimants shall be answered by directing the individual to call the number on the notice.

<u>Priority Hiring Relief to Eligible Claimants</u>

10.    By no later than October 15, 2009, the EEOC shall provide Defendant with a list of the names and addresses of all Eligible Claimants to whom the EEOC intends to send a Notice of Settlement. By October 22, 2009, Defendant shall inform the EEOC if Defendant is aware of any reason why any Eligible Claimants should be disqualified from employment with Defendant. The EEOC and Defendant will discuss the reasons for each such Eligible Claimant in good faith to reach a mutual determination of eligibility for employment. By no later than October 31, 2009, the Commission will send out a Notice of Settlement to all Eligible Claimants set forth in paragraph 8 of this Decree, requesting that each such claimant provide the EEOC with the following information: (a) whether the individual is still interested in employment with Defendant as a meat cutter; (b) a list of the individual's current qualifications including

6

specifically all experience handling or cutting meat, and (c) a completed application for employment provided by Defendant to the EEOC.

11. Within sixty (60) days after the Commission mails the Notice of Settlement to Eligible Claimants, the Commission will provide Defendant with the names of those individuals that the EEOC contends should be given "priority hiring consideration" as defined in Paragraph 13 of this Decree, along with a copy of the individual's completed application for employment. The EEOC and Defendant will discuss the qualifications for each such Eligible Claimant in good faith to reach a mutual determination of eligibility for employment. The lack of experience handling or cutting meat, however, shall not necessarily exclude an individual from consideration as an apprentice meat cutter. Should the parties not reach a mutual determination, the parties shall enlist the assistance of the Court.

12. For each Claimant who is determined by the EEOC and Defendant, or with the Court's assistance, to be qualified for employment, Defendant will place each such individual on a Job Offer List with those other Claimants expressing interest in employment. On each Job Offer List, Defendant may rank each Eligible Claimant in order of its preference for hire. For every other job vacancy for a meat cutter or apprentice meat cutter position (i.e. vacancies nos. 1, 3, 5, etc.), Defendant will consult the Job Offer List for the applicable geographic area and will make a written offer of employment to the highest ranked Claimant on the list, provided however that such offers will be contingent upon the Claimant completing successfully Defendant's regular hiring process, including but not limited to passing a background check and pre-employment drug test. In addition, to be employed as a journeyman, a Claimant with meat cutter experience must pass Defendant's block test. If a Claimant does not pass Defendant's block test, the Claimant will be offered an apprentice position only. Claimants will have one (1) week from

receipt of the written offer to accept the job offer. Those Claimants who are made job offers but decline them shall be removed from the Job Offer List and Defendant will have no further obligation to make offers of employment to them pursuant to the "priority hiring consideration" provisions of the Decree, but must treat them nondiscriminatorily regarding any future applications for employment.

13. Notwithstanding anything to the contrary in this Decree regarding Eligible Claimants, Defendant may give hiring priority above any apprentice meat cutter candidate on the Job Offer List to any candidate from any source who qualifies as a journeyman meat cutter should Defendant determine that its operations would be better served by hiring a journeyman meat cutter instead of an apprentice meat cutter. Should such a situation arise, Defendant shall inform the EEOC and shall fill the next two apprentice meat cutter vacancies with individuals on the Job Offer List.

14. As used in Paragraphs 10-13 and elsewhere in this Decree, "priority hiring consideration" refers to Defendant's obligation pursuant to this Decree to make offers of employment for meat cutter positions to the Eligible Claimants as defined in Paragraph 8 of this Decree who presently meet the qualifications for the meat cutting position (apprentice or journeyman).

15. The priority hiring consideration provisions in Paragraphs 10-13 will remain in effect for the duration of the Decree.

<u>Injunctive Relief</u>

16. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby agree to comply with the provisions of Title VII and agree in this Decree to be enjoined, and are enjoined, from refusing to hire and/or transfer

female applicants for employment because of their sex and from utilizing disparate qualifications for male and female applicants. Such sex-based discrimination violates Title VII, which, in part, is forth below:

> It shall be an unlawful employment practice for an employer --
>
> (1) to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . .

42 U.S.C. § 2000e-2(a).

17. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest are further enjoined from failing to comply with the recordkeeping provisions of Title VII:

> Every employer. . . shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom as the Commission shall prescribe by regulation or order. . .

42 U.S.C. § 2000e-8(c).

18. Defendant shall take adequate measures to achieve the following goals:

   a. the implementation of job descriptions for the positions of apprentice meat cutter and journeyman meat cutter which accurately reflect the objective job-related qualifications of each position;

   b. the implementation of objective, defined, uniform, and published procedures for hiring and transferring; and

   c. the implementation of defined and consistent job application, record-keeping, and records retention procedures.

19. Defendant will provide, within 60 days from the date of entry of the Decree, no fewer than two hours of training in federal laws prohibiting discrimination in employment for all

9

current officers, managers, and supervisors, with a particular emphasis on sex discrimination. Defendant's Meat Department Supervisor, however, will undergo an additional two hours of training. This training shall be conducted by an outside consultant or law firm approved by the EEOC, which approval shall not be unreasonably withheld. For the duration of the Decree, Defendant shall provide this same training to all newly hired officers, managers, and supervisors, as set forth herein. Within ten (10) business days of providing each such training session, Defendant will furnish EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training.

## Notice and Postings

20. Within ten days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted at its stores.

21. Within ten days after entry of this Decree, Defendant will post the Notice attached hereto (Exhibit B) in all places where notices to employees are customarily posted at each store. The Notice shall be posted and maintained for one year following the entry of the Decree and shall be signed by the CEO of Defendant, Christopher P. D'Anna, with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within thirty days of entry of the Decree, Defendant shall forward to the EEOC's Baltimore Field Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

10

Reporting & Inspection

22.     Beginning on the first day of January and July immediately following the entry of the Decree and continuing on Defendant will submit to the Commission's Baltimore Field Office a biannual report, detailing its activities with respect to the hiring and transfer of individuals, both male and female, for the positions of apprentice meat cutter and journeyman meat cutter, along with its progress in meeting the goals outlined in paragraph 18.  Defendant shall also submit in its biannual report a list of all individuals who were separated from employment as apprentice meat cutters and journeyman meat cutters, identifying the individual's name, store location, and date of separation.

23.     In addition to furnishing the above-referenced reports, Defendant agrees that EEOC may monitor compliance with the Consent Decree throughout the duration of the Decree by conducting audits of Defendant's facilities, and by interviewing employees.  Defendant agrees to make available for inspection and copying any records reasonably related to the implementation of this Decree.  EEOC shall provide Defendant's Vice President of Human Resources with 5 days written notice should it wish to conduct an audit, interview employees, or inspect and copy records.  Such monitoring shall not unduly interfere with Defendant's normal business operations and procedures.

24.     The Commission and Defendant shall bear their own costs and attorneys' fees.

25.     The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR PLAINTIFFS:

James L. Lee
Deputy General Counsel

_____/s/_____
Debra Lawrence
Regional Attorney (Acting)

_____/s/_____
Maria Salacuse (Bar No. 15562)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201
Phone: (410) 209-2733
Fax: (410) 962-4270
E-mail: maria.salacuse@eeoc.gov

_____/s/_____
Darcy Rood Massof (Bar No. 06818)
Signed by Maria Salacuse with permission of
Darcy Rood Massof
Attorney for Plaintiff-Intervenor
409 Washington Avenue, Suite 707
Towson, MD 21204
Phone: (410) 337-3755
Fax: (410) 337-3758
E-mail: dmassof@darcymassoflaw.com

FOR DEFENDANT:

_____/s/_____
John M. Remy (Bar No. 15512)
Signed by Maria Salacuse with permission of
John M. Remy
JACKSON LEWIS, LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Phone: (703) 483-8300
Fax: (703) 483-8301

On Behalf of Mars Super Markets, Inc.

**SO ORDERED.**

Signed and entered this 3rd day of September, 2009.

_____
J. Frederick Motz
United States District Court Judge